UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MONICA DIAZ,

                                Plaintiff,

     -against-

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER CHRISTINE HEINZ,
POLICE OFFICER MARTINEZ,
SGT GAMBARDELLA, SGT DONOVAN,
POLICE OFFICER HERRERRA,
POLICE OFFICERS JOHN DOE and
RICHARD DOE (names and numbers of who are
unknown at present), and other unidentified members
Of the New York City Police Department, New York City
Police Supervisors and Commanders RICHARD DOE's
1-50,

                                Defendants.
------------------------------------------------------------X

**COMPLAINT**

CV12-000905

MATSUMOTO, J.

JURY TRIAL DEMANDED

LEVY, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 24 2012 ★
BROOKLYN OFFICE

## PRELIMINARY STATEMENT

1.    This is civil rights action in which the Plaintiff seeks relief for the Defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD") and maliciously prosecuted. In addition, Plaintiff, due to excessive force, sustained a non-displaced fracture at the left proximal phalanx, and bruising and swelling about both of her arms. Furthermore, New York City Police Department refused to return claimant's vehicle, holding

said vehicle for forfeiture, following the arrest, of claimant for approximately one month.

2. Defendant City is liable for the individual Defendants' acts under the theory of *respondent superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant City and/or the NYPD, an agency of Defendant City.

3. As a result of the aforementioned constitutional violations, Plaintiff suffered physical, emotional, mental and psychological pain and suffering.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiff was at all times relevant herein a resident of the City of New York, State of New York.

8. Plaintiff is currently a resident of Broome County, State of New York.

9. Defendant CHRISTINE HEINZ, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On February 28, 2011 in which she falsely arrested Plaintiff, she was assigned to the 122nd Precinct. She is being sued in her individual capacity.

10. Defendant MARTINEZ, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On February 28, 2011 in which he falsely arrested Plaintiff, he was assigned to the 122nd Precinct. He is being sued in his individual capacity.

11. Defendant GAMBARDELLA, is and was at all times relevant herein a Sergeant, employee, and agent of the NYPD. On February 28, 2011 in which he falsely arrested Plaintiff, he was assigned to the 122nd Precinct. He is being sued in his individual capacity.

12. Defendant DONOVAN, is and was at all times relevant herein a Sergeant, employee, and agent of the NYPD. On February 28, 2011 in which he falsely arrested Plaintiff, he was assigned to the 122nd Precinct. He is being sued in her individual capacity.

13. Defendant HERRERRA, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On February 28, 2011 in which he falsely arrested Plaintiff, she was assigned to the 122nd Precinct. He is being sued in her individual capacity.

14. New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers John Doe and Richard Roe are being sued herein in their individual capacities for their participation in the false

arrest of Plaintiff.

15. New York City Police Supervisors and Commanders Richard Roes 1-50 are and were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest of Plaintiff.

16. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the City of New York and/or the NYPD when engaging in the conduct described herein.

17. At all times relevant herein, Defendants acted for and on behalf of the City of New York and/or the NYPD in furtherance of their employment by Defendant City, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

18. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

19. On February 28, 2011 Defendant HEINZ and her partner, Defendant

MARTINEZ, were on patrol within the confines of the 122nd Precinct which covers Staten Island, New York.

20. At approximately 5:30 p.m., they received a report of accident in the vicinity of Willowbrook Road and Bradley Avenue, in Richmond County, City and State of New York.

21. At the scene of the accident, several New York City Police Officers arrived and arrested plaintiff MONICA DIAZ, for Driving While Intoxicated, among other charges.

22. Plaintiff was transported to Staten Island University Hospital in handcuffs, while she was on a stretcher, while the defendants used excessive force.

23. Plaintiff submitted to a blood test while at the hospital which was determined negative for alcohol.

24. Plaintiff's glucose levels were tested and found to be low and she was diagnosed with Hypoglycemia, while at the hospital.

25. Defendants were present at the hospital and were aware of and/or should have known of the plaintiff's blood sugar reading and diagnosis.

26. Defendants were in possession of both blood test readings indicating that there was no alcohol in the Plaintiff's system and that Plaintiff had low glucose levels and was diagnosed with hypoglycemia.

27. Despite the reading, plaintiff remained under arrest and in police custody.

28. Defendants tried to interfere with the treatment of plaintiff by trying to prevent her from obtaining water and other liquids from hospital support staff.

29. Defendants MARTINEZ and HEINZ, were verbally abusive to plaintiff while at the hospital and refused to allow her to use the bathroom.

30. Despite not having probable cause to process the arrest from the hospital,

defendants continued with the arrest, using excessive force, handcuffing plaintiff, forcing her to walk with handcuffs and shackles on her feet to a police cruiser and she was transported her to the precinct, from the hospital.

31. A Criminal Court Complaint was filed against plaintiff where it falsely claimed that plaintiff was operating her vehicle while intoxicated and falsely claimed that plaintiff refused to submit to a blood test.

32. Plaintiff was held in police custody at the precinct overnight was arraigned before a local Criminal Court the following day.

33. From February 28, 2011 until November 30, 2011. Plaintiff made approximately six (6) court appearances.

34. Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

35. After being held at the precinct for several hours, The New York City Police Department refused to return the plaintiff's vehicle, holding said vehicle for forfeiture, following the arrest of plaintiff for one month.

36. Despite the representation that Plaintiff had refused to take a blood test at the hospital, it had become clear that she, in fact, did consent to blood being taken. The blood test came back negative for alcohol and various drugs.

37. On April 4, 2011 Richmond County District Attorney's office dismissed the driving while intoxicated charge against the Plaintiff.

38. Plaintiff had no criminal record at the time of this arrest.

39. On November 30, 2011, the sole remaining charge of resisting arrest was

dismissed.

## Plaintiff's Injuries and Damages

40. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

- (1) Suffered physical injuries including a non-displaced fracture at the left proximal phalanx and bruising and swelling about both her arms as well as severe emotional and mental anguish and pain;

- (2) Suffered psychological injuries;

- (3) Incurred legal fees

- (4) Was denied his state and federal constitutional rights and liberties;

- (5) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

- (6) Continues to suffer from psychological injuries, emotional and mental anguish and pain; and

- (7) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be

free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 42, with the same force and effect as if more fully set forth at length herein.

44.     The acts and conduct of the Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on November 30, 2011, the charges against Plaintiff were dismissed.

## JURY DEMAND

45.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b.      for compensatory damages in an amount to be determined;

c.      for punitive damages in an amount to be determined;

d.      for reasonable attorneys' fees, together with costs and disbursements, pursuant to

§ 1988 and this Court's discretion;

e. for pre-judgment interest as allowed by law; and

f. for such other and further relief as this Court may deem just and proper.

DATED: February 24, 2012
Staten Island, New York

Yours, etc.

TIMOTHY M. O'DONOVAN, ESQ.
(TO 4342)
Attorney for Plaintiff
1491 Richmond Road
Staten Island, New York 10304
(718) 980-7300